UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ACADIA CORPORATION

                Plaintiff,

-against-

INSURANCE COMPANY OF NORTH
AMERICA d/b/a ACE USA INSURANCE CO.,
and CHARTIS INC.,
                Defendants.

Civil No. 10 CV8412 (RWS)

**OPPOSITION
TO MOTION TO REMAND**

---

Defendant INSURANCE COMPANY OF NORTH AMERICA d/b/a ACE USA INSURANCE CO. (hereinafter, "ICNA") submits this brief in opposition to plaintiff ACADIA CORPORATION's motion to remand to state court following the November 8, 2010 removal by ICNA. There is complete diversity of citizenship between the parties properly before this Court and the amount in controversy exceeds the minimum statutory threshold. In addition, the Court has admiralty jurisdiction over this dispute.

### PROCEDURAL FACTS

Plaintiff ACADIA CORPORATION, ("ACADIA") commenced this action in the Supreme Court of the State of New York, New York County, on October 14, 2010, claiming breach of a marine insurance contract, negligence and gross negligence arising out of alleged hull damage to Plaintiff's yacht, the "BANDERA." *See*, Exhibit "A" – Complaint.[1]

ICNA removed the action based upon admiralty jurisdiction, 28 U.S.C. § 1333, and diversity jurisdiction, 28 U.S.C. § 1332. With respect to diversity, the removal papers stated that "Plaintiff alleges to be a New York entity, but upon information and belief, it is not a registered

---

[1] Exhibits are attached to the Declaration of James E. Mercante, Esq. dated January 3, 2011 and the documents annexed thereto.

New York business entity and the citizenship of Plaintiff is uncertain. Defendant Chartis, Inc. is a Delaware Corporation. ICNA is a Pennsylvania corporation." *See*, Exhibit "B" - Notice of Removal.

In moving for remand, Plaintiff contends that it is a citizen of New York for diversity purposes. Plaintiff argues that because it and Defendant Chartis, Inc. are both New York citizens, diversity jurisdiction is defeated and the case should be remanded to state court.

Yet, it appears that Plaintiff has named "Chartis, Inc." as a defendant for the sole purpose of defeating diversity.

It is understood from counsel for Chartis, Inc. that it will be moving to be dismissed from this action because Chartis Inc. is not a proper defendant because did not insure Plaintiff's yacht. *See*, Declaration of Mercante 01/03/11. Thus, Chartis, Inc. is not a "part[y] in interest properly joined" *See*, 28 U.S.C.A. 1441(b).

## FACTS

Plaintiff's Complaint seeks marine insurance coverage for property damage to Plaintiff's yacht, the "BANDERA" arising out of groundings.

The Complaint alleges two initial groundings, one in 2000 and a second in 2005 while policies issued by ICNA, or a predecessor company, were in effect. The Complaint further alleges that ICNA provided coverage for the groundings, and thereafter terminated coverage on or about October 21, 2007. *See*, Exhibit "A" - Complaint at paras. 15, 19, 30.

The Complaint alleges, in the alternative, that there was a third grounding occurring sometime after October 21, 2007, but before April 2008, when damages were discovered. *See*, Exhibit "A" - Complaint para 30, 80-82. During that time it is alleged that a policy of insurance issued by Chartis, Inc. was in effect. *See, Id.*

However, defendant Chartis, Inc. apparently did not insure Plaintiff's yacht during any of the time periods referred to in the Complaint or at any time. Instead, AIG Centennial Insurance Company, provided marine insurance to Plaintiff's yacht from October 21, 2007 through October 21, 2008. *See*, Exhibit "C"; Declarations Page, AIG Centennial Insurance Company Yacht Policy.

Therefore, the only two parties to have insured Plaintiff's yacht during the time periods alleged are defendant ICNA and non-party AIG Centennial Insurance Company.

Plaintiff has represented in its moving papers that it is a New York Corporation. ICNA is a Pennsylvania Corporation. Upon information and belief, AIG Centennial Insurance Company is a Pennsylvania Corporation, as stated in page 3 of the Pennsylvania Department of Insurance Report of Examination of AIG Centennial Insurance Company: "*In 1977 the Company was incorporated in Pennsylvania.*" *See*, Exhibit "D"- Pennsylvania Department of Insurance Report of Examination of AIG Centennial Insurance Company, page 3-4 (emphasis added).

## CONCLUSION

Pursuant to 28 U.S.C.A. § 1441 (b), removal is proper because there is complete diversity between Plaintiff and the "only party in interest properly joined" in this action, ICNA, a Pennsylvania corporation.

Moreover, even if the other marine insurer had been properly joined, there would still be complete diversity as AIG Centennial Insurance Company is, upon information and belief, a Pennsylvania Corporation. Under these circumstances, "none of the parties in interest properly joined and served as defendants [would be] a citizen of the State in which such action is brought." *See*, 28 U.S.C.A. 1441(b).

Accordingly, it is respectfully submitted that removal is proper and the motion to remand should be denied.

Dated: New York, New York
January 3, 2011

                    **RUBIN, FIORELLA & FRIEDMAN LLP**
                    *Attorneys for Defendant*
                    INSURANCE COMPANY OF NORTH AMERICA

                            James E. Mercante, Esq.
                            Brendan Burke, Esq.

TO (VIA ECF):

    Watson Farley & Williams
    John G. Kissane, Esq.
    1133 Ave of the Americas # 11
    New York, NY 10036-6723
    *Counsel for Plaintiff*

    Freehill Hogan and Mahar LLP
    Eric E. Lenck, Esq.
    80 Pine Street
    New York , N.Y. 10005-1759
    *Counsel for Defendant Chartis, Inc.*