UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ACADIA CORPORATION,<br><br>                    Plaintiff,<br>v.<br><br>INSURANCE COMPANY OF NORTH AMERICA d/b/a ACE USA INSURANCE CO., and CHARTIS INC.,<br><br>                    Defendants. | 10 Civ. 8412 (RWS) |

## PLAINTIFF'S REPLY TO OPPOSITION TO MOTION TO REMAND

Plaintiff, ACADIA CORPORATION ("Acadia"), by and through its attorneys, Watson, Farley and Williams (New York) LLP, hereby submits this Reply to the Opposition of Defendant INSURANCE COMPANY OF NORTH AMERICA ("INA") to Plaintiff's Motion to Remand this action to the Supreme Court of the State of New York, County of New York, Commercial Division, pursuant to 28 U.S.C. § 1447 (c).

### I. DEFENDANT DOES NOT DISPUTE THAT REMOVAL BASED ON ADMIRALTY AND MARITIME JURISDICTION WAS IMPROPER

Defendant INA fails to dispute that removal based on the court's admiralty and maritime jurisdiction was improper.

### II. THERE IS NO DIVERSITY JURISDICTION

It is undisputed that both Plaintiff Acadia and Defendant Chartis Inc. ("Chartis") are incorporated in Delaware. It is also undisputed that Chartis and Plaintiff both have their principal place of business in New York. Nevertheless, INA argues that the Court has diversity jurisdiction over this matter.

1

INA has half-heartedly asserted, without any support, that Chartis was named as a defendant to destroy diversity jurisdiction. (Opposition to Motion to Remand, page 2). This is incorrect.

Attached as Exhibit A is a true and correct report of INA's expert, Burke Design, dated September 20, 2010. INA's expert opines in paragraph 4 that "[t]here is strong evidence to suggest that an unreported grounding of the vessel occurred at some point after . . . October 2007." (Exhibit A – p. 22 ¶ 4). INA's expert's report also provides that "[t]he vessel's insurance coverage changed October 21, 2007 from ACE [INA] to AIG Private Client Group (now Private Client Group, a division of Chartis Insurance)." (Exhibit A - p. 8),

It is undisputed that the damage to BANDERA was caused by a grounding. Plaintiff carried marine insurance on the BANDERA throughout its ownership. Accordingly, the damage should be covered by the marine insurance policies procured by Plaintiff.

The current evidence available to Plaintiff points toward the casualty occurring during the period that INA insured BANDERA. INA, however, denied Plaintiff's claim on the basis that the casualty occurred after its policy was terminated. Accordingly, Plaintiff also named Chartis (formerly **AIG Casualty Company**) (Complaint ¶ 3). Plaintiff believed that Chartis was the sole insurer from the termination of the INA policy in October 2007 until the present. INA has now alleged that a different AIG entity, **AIG Centennial Insurance Company** ("AIG Centennial"), insured BANDERA for one year, between October 2007 and October 2008. If this is the case, AIG Centennial will likely be added as a defendant. However this will not change the fact that Chartis, a company incorporated in

19123066 v1

Delaware with its principal place of business in New York, will remain a defendant, destroying diversity in this case.

INA's expert report specifically alleges that the damage was caused by a grounding, and "[t]he grounding is likely to have occurred between fall 2008 and spring 2009." (Exhibit A p. 22, ¶ 4). It is undisputed that Chartis insured BANDERA between October 2008 and spring of 2009. In order to insure that Plaintiff's claim will be covered by insurance Plaintiff was required to name Chartis as a defendant.

INA's assertion that Plaintiff limited its claim against Chartis to the period before April 2008 is incorrect. (Opposition at 2). Plaintiff's claim against Chartis, which was plead in the alternative, provides only that BANDERA grounded at an unknown time after October 21, 2007 (Complaint ¶ 76), and that Chartis insured the vessel between "October 2007 and the present" (Complaint ¶ 80).

Since Chartis and Plaintiff are both incorporated in Delaware, and both have their principal place of business in New York, there is no diversity jurisdiction.

### III. CONCLUSION

For the foregoing reasons, the action should be remanded to New York State Supreme Court for the County of New York, Commercial Division. Defendant INA should be required to pay Plaintiff's fees and costs incurred connection with the motion to remand.

Dated: January 7, 2010
New York, New York

WATSON, FARLEY & WILLIAMS (NEW YORK) LLP

By: /s/ John G. Kissane
John G. Kissane (JK-2200)
1133 Avenue of the Americas, 11th Floor
New York, New York 10036
Tel.: (212) 922-2200
Fax: (212) 922-1512

*Attorneys for Defendant Acadia Corporation*

TO: Rubin, Fiorella & Friedman, LLP
James Mercante, Esq.
292 Madison Avenue, 11th Floor
New York, New York 10017
*Counsel for Defendant ACE USA Insurance Company*

Freehill Hogan and Mahar LLP
Eric E. Lenck, Esq.
80 Pine Street
New York, New York 10036-6723
Counsel for Defendant Chartis

19123066 v1