USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/11/11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ACADIA CORPORATION,

      Plaintiff,

  -against-            10 Civ. 8412 (LAK)

INSURANCE COMPANY OF NORTH AMERICA, etc.,
et ano.,

      Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## ORDER

LEWIS A. KAPLAN, *District Judge.*

    Plaintiff ("Acadia") commenced this action against defendants Insurance Company of North America ("INA") and Chartis Inc. ("Chartis") in the New York Supreme Court. The action was removed to this Court, purportedly on the bases of diversity of citizenship and admiralty jurisdiction. Acadia moves to remand.

*Facts*

*The Complaint*

    The complaint alleges that (1) Acadia is a New York corporation with its principal place of business in this state, (2) INA is a Pennsylvania corporation with its principal place of business in that state, and (3) Chartis is a Delaware corporation with its principal place of business in New York. It further asserts that INA insured Acadia's 57 foot yacht from October 1997 until October 2007 and that Chartis thereafter insured it from the termination of the INA policy to the present. It asserts claims in contract and tort against both defendants, the claims against INA arising out of alleged groundings in 2000 and 2005 and those against Chartis out of an alleged grounding in 2007/2008 during the period in which Chartis covered the vessel.

*The Removal and the Remand Motion*

    INA, but not Chartis, removed the action to this Court. The record does not reflect whether Chartis had been served at the time of the removal, but INA's counsel has submitted a

2

declaration that asserts that an attorney for Chartis advised him that it intends to move to dismiss the complaint, which perhaps implies that it was served at some point.

Acadia's motion to remand asserts that (1) there is no diversity because Acadia and Chartis both are citizens of New York and Delaware,[1] (2) the "saving to suitors" clause of 28 U.S.C. § 1333 forecloses removal where the only basis of federal subject matter jurisdiction is admiralty, and (3) removal is prohibited under 28 U.S.C. § 1441(b) because defendant Chartis is a citizen of New York. INA responds that there is diversity on the theory that Chartis was named "for the sole purpose of defeating diversity" and therefore is not a "part[y] in interest properly joined" within the meaning of 28 U.S.C. § 1441(b). The basis for this argument is a contention that Chartis did not insure the yacht. This assertion, however, is supported by no evidence. Its only basis is an alleged copy of a declarations page for a policy of marine insurance purportedly issued to Acadia by an AIG company for the period October 21, 2007, through October 21, 2008. But that document has not been authenticated. Nor is there any evidence as to (1) the relationship between the AIG company and Chartis, which appears to be an entity that has been or is being spun off from AIG and thus may be the successor in interest to the AIG company, or (2) the basis for INA's assumption that the AIG policy it believes existed could not have coexisted with the Chartis policy alleged in the complaint.

*Discussion*

INA does not dispute Acadia's contention that removal could not be premised on admiralty jurisdiction by reason of the "saving to suitors" clause. Nor does it dispute that both Acadia and Chartis are citizens of both New York and Delaware and that complete diversity therefore is lacking. INA's attempt to remain in federal court thus turns entirely on its assertion – unsupported by evidence – that Chartis did not insure Acadia's yacht and the premise that Chartis's presence in the lawsuit therefore must be disregarded on the ground of fraudulent joinder.

As the party invoking federal jurisdiction, INA bears the burden of pleading and proving its existence. Given the lack of any basis for removal other than diversity and the undisputed lack of entirely diverse citizenship between plaintiff, on the one hand, and defendants, on the other, it therefore was incumbent upon INA to come forward with some substantial basis for its contention that Chartis did not insure the yacht or succeed to the obligations of the original issuer and thus was not properly joined in this action. It has not done so. Moreover, all defendants ordinarily must join in a removal notice. Chartis did not join in INA's notice, and INA has offered no legally sufficient reason to conclude that Chartis was not obliged to do so in order to effect the removal. Accordingly, the matter must be remanded.

---

[1] Contrary to the allegations of the complaint, it appears that Acadia is a Delaware rather than a New York corporation. The undisputed presence here of its principal place of business, however, makes it a citizen of both states. 28 U.S.C. § 1332(c). The error, it might be noted, was made by Acadia, not INA.

3

Acadia's memorandum of law seeks not only remand, but attorneys' fees and costs. It does so on the ground that it "is a small corporation that has no business other than owning" the vessel in question. [DI 7] at 6.

The vessel is a 57 foot custom built Hinckley said to be worth $1.5 to $3 million. Acadia's sole shareholder is a well known money manager who, not long ago, reportedly ran over $100 million. Pleas based on poverty do not sit well from such sources.

*Conclusion*

Acadia's motion to remand [DI 6] is granted. The case is remanded to the Supreme Court of the State of New York, County of New York.

SO ORDERED.

Dated: January 11, 2011

_____
Lewis A. Kaplan
United States District Judge